IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:25-cv-02673-PAB-SBP

CHARLES K. ASHLEY,

    Plaintiff,

v.

ROBERT KELLERMAN,
CITY OF ENGLEWOOD, and
TAMARA NILES, in her official capacity,

    Defendants.

## ORDER

**Susan Prose, United States Magistrate Judge**

This matter comes before the court on the Motion to Stay Discovery filed by Defendants City of Englewood and Tamara Niles ("City Defendants"). ECF No. 32 ("Motion" or "Motion to Stay"). Plaintiff Charles K. Ashley ("Mr. Ashley") responded to the Motion and opposes a stay. ECF No. 34. The undersigned United States Magistrate Judge considers the Motion pursuant to 28 U.S.C.§ 636(b)(1)(A), the Order Referring Case dated October 2, 2025 (ECF No. 20), and the Memorandum referring the Motion (ECF No. 33).

Having reviewed the briefing on the Motion, the entire docket, and the applicable law, the court now respectfully **GRANTS** the Motion.

### BACKGROUND

This lawsuit hinges on Mr. Ashley's contention that the City Defendants engaged in "negligent permitting" by allegedly not enforcing the Englewood Municipal Code provision

imposing a 24-inch limit on the eaves of his neighbor's detached garage, which measured 25.5 inches. ECF No. 12 ¶ 4. At the same time, Mr. Ashley says, the City of Englewood "has simultaneously enforced minor code violations against Plaintiff demonstrating intentional, irrational, and malicious selective enforcement" of the Englewood Municipal Code. *Id.* Mr. Ashley brings a claim against the City Defendants pursuant to 42 U.S.C. § 1983, alleging a violation of his equal protection rights on a "class of one" theory. *Id.* ¶ 5 (Count I). He brings an "Inverse Condemnation" claim, premised on the allegation that, "[b]y authorizing and defending a permanent physical encroachment [on his neighbor's property], the City has taken Plaintiff's property rights without just compensation." *Id.* (Count IV). Mr. Ashley seeks a declaration that his neighbor's garage violates the Englewood Municipal Code and a writ of mandamus compelling the City to enforce its Code. *Id.* (Counts II and III).

The City Defendants have moved to dismiss all claims, on multiple grounds. ECF No. 25. They argue that the statute of limitations has expired for every claim Mr. Ashley seeks to bring; that Mr. Ashley lacks standing to bring any of his claims because he has sustained no constitutionally-cognizable injury stemming from an alleged encroachment of one-and-a-half inches into the setback on his neighbor's property (and not Mr. Ashley's); that the official-capacity claims against Defendant Niles, the Englewood City Attorney, are duplicative of the claims against the City; and that the pleading fails to allege plausible equal protection, inverse condemnation, or municipal-liability claims. *See id.* at 3-7. Additionally, the City Defendants assert that, because Mr. Ashley has pleaded no plausible claim against the City Defendants, he is not entitled to relief in the form of a declaratory judgment or mandamus. *Id.* at 7. The motion to dismiss is fully briefed. ECF No. 28 (response); ECF No. 31 (reply).

2

For the reasons that follow, the court respectfully finds that it is appropriate to defer setting a scheduling conference at this time and to temporarily stay discovery until the City Defendants' motion to dismiss is resolved.

**ANALYSIS**

While the Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings while a motion to dismiss is pending, Rule 26(c) permits the court, upon a finding of good cause, to enter an order protecting a party from "undue burden or expense," including by specifying terms on which discovery may be had. Fed. R. Civ. P. 26(c)(1)(B). Moreover, "[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) (citing *Kan. City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)).

Staying discovery pending a ruling on a motion to dismiss is generally disfavored in this District, *see, e.g.*, *Chavez v. Young Am. Ins. Co.*, No. 06-cv-02419-PSF-BNB, 2007 WL 683973, at *2 (D. Colo. Mar. 2, 2007), but that is not a hard and fast rule. "[G]ood cause may exist to stay discovery if a dispositive motion has been filed that could resolve the case and a stay does not unduly prejudice the opposing party." *Namoko v. Milgard Mfg., Inc.*, No. 06-cv-02031-WDM-MEH, 2007 WL 1063564, at *1 (D. Colo. Apr. 6, 2007). Motions to dismiss that present certain threshold issues may present a strong case for staying discovery. *See, e.g.*, *Clarendon Nat'l Ins. Co. v. Glickauf*, No. 18-cv-02549-CMA-NYW, 2019 WL 1897845, at *2 (D. Colo. Feb. 14, 2019) (recognizing that courts in this District "may be more inclined to stay discovery pending

3

the resolution of a Motion to Dismiss impacting immunity or jurisdictional issues"). And irrespective of the specific basis for requesting dismissal, "a court may decide that in a particular case it would be wise to stay discovery on the merits until [certain challenges] have been resolved." 8A Wright & Miller *et al., Federal Prac. & Proc.* § 2040 (3d ed. 2010) (April 2023 Update) (footnote omitted).

In deciding whether to stay discovery, courts in this District typically consider five factors, known as the *String Cheese* factors: (1) the "plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 05-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006). But the ultimate decision whether to stay discovery always rests firmly in the sound discretion of the trial court. *See Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990).

The court concludes that an assessment of the *String Cheese* factors, applied to this case, supports a temporary stay of discovery here.

***First factor.*** As to the first *String Cheese* factor, Mr. Ashley's interest in proceeding expeditiously, the pending motion to dismiss raises threshold issues that should be resolved at the earliest stage of the case. The City Defendants argue that Mr. Ashley's claims cannot proceed because he lacks the requisite injury to confer standing—an alleged defect that implicates federal jurisdiction. *See, e.g.*, *Hudson v. Boppy Co., LLC*, No. 24-1322, 2025 WL 1806182, at *4 (10th Cir. July 1, 2025) ("Because standing raises jurisdictional questions, it cannot be waived, and we are required to consider the issue sua sponte to ensure that there is an Article III case or

controversy before us.") (quotation and internal quotation marks omitted); citing *Santa Fe All. for Pub. Health & Safety v. City of Santa Fe*, 993 F.3d 802, 813 n.5 (10th Cir. 2021) ("This argument ignores well-established, black-letter law. The issue of Article III standing implicates federal jurisdiction and is a matter this court must consider sua sponte.")). Indeed, this court is prohibited from assessing the merits of Mr. Ashley's claims—regardless of their importance—until it has confirmed that he has met his burden to demonstrate Article III standing. *Colorado Outfitters Ass'n v. Hickenlooper*, 823 F.3d 537, 543–44 (10th Cir. 2016) (emphasizing that "a federal court can't 'assume' a plaintiff has demonstrated Article III standing in order to proceed to the merits of the underlying claim, regardless of the claim's significance") (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (explaining that "such an approach . . . carries the courts beyond the bounds of authorized judicial action and thus offends fundamental principles of separation of powers")). Now that the jurisdictional prerequisite of standing has been called into question, this court must resolve the issue. *Id.* (noting that the Tenth Circuit's "first task" in that appeal was "to determine whether the district court's assumptions about standing were correct," and recognizing that, if they were not, "we may go no further"). And the City Defendants also argue that Mr. Ashley's claims cannot proceed because they are time-barred, another asserted threshold defect. *See also Rodriguez v. Exxon Mobil Corp.*, No. 25-CV-02195-TC-TJJ, 2025 WL 3013281, at *2–3 (D. Kan. Oct. 28, 2025) (staying discovery pending resolution of motion to dismiss raising Article III standing and statute-of-limitations defenses).

Under these circumstances, a temporary stay of discovery to allow the court to determine whether Mr. Ashley may pursue this action at all does not unduly prejudice him and weighs in favor of a stay. *See, e.g.*, *Lucero v. City of Aurora*, No. 23-cv-00851-GPG-SBP, 2023 WL

5957126, at *2 (D. Colo. Sept. 13, 2023); *Maser v. Commonspirit Health*, No. 1:23-cv-01073-RM-SBP, 2024 WL 2863579, at *9–10 (D. Colo. Apr. 16, 2024), *report and recommendation adopted*, 2024 WL 5484079 (D. Colo. Dec. 3, 2024)[1]

**Second factor.** As to the second *String Cheese* factor, the burden on the City Defendants of proceeding with discovery while their motion to dismiss is pending would be significant. Were some or all claims to be dismissed—a point on which this court expresses no view at this time—discovery may be for naught. Thus, the disposition of the motion to dismiss may significantly narrow the scope of discovery, if not entirely eliminate the need for any discovery. Avoiding potentially unnecessary burdens on government resources is particularly appropriate in this context. This court finds that the second factor also weighs in favor of a stay.

**Third factor.** With regard to the third *String Cheese* factor, convenience to the court favors a stay. The City Defendants have moved to dismiss all claims against them, and specifically seek dismissal of those claims on grounds that this court lacks jurisdiction to entertain them and that they must be dismissed at the outset because they are time-barred. Given the pending dispositive motion, this court finds that a stay of discovery would conserve judicial resources by defining the precise contours of the action before discovery proceeds. *See, e.g.*, *Ashaheed v. Currington*, No. 17-cv-03002-WJM-SKC, 2019 WL 11690136, at *2 (D. Colo. Nov. 4, 2019) (recognizing that, where a pending motion to dismiss may fully resolve the case, "a stay may prevent a waste of judicial time and resources in handling discovery disputes regarding

---

[1] Mr. Ashley argues that a stay would prejudice his efforts to obtain default judgment (ECF No. 29) against Defendant Kellerman. *See* ECF No. 34 at 4. But, as explained below, the stay the court enters today is limited to discovery and case scheduling and does not prevent the court from addressing Mr. Ashley's pending request for default judgment, which it will do in due course.

6

claims and parties that are subject to dismissal"). This factor carries special weight here, where the pending motion to dismiss raises issues that implicate the court's ability to adjudicate all or part of the lawsuit.

In short, the court finds that a stay would be convenient to the court and would promote judicial efficiency. Therefore, the third *String Cheese* factor weighs in favor of a stay.

**Fourth factor.** Turning to the fourth *String Cheese* factor, this court finds nothing in the record to suggest that any non-party would be affected by the imposition of a temporary stay in this case. A non-party does not have an interest in the expenditure of judicial resources in advance of a determination that the claims a litigant is attempting to pursue are legally viable. Thus, insofar as this factor does not affirmatively counsel against a stay, the court concludes that factor four is neutral.

**Fifth factor.** Finally, under the fifth *String Cheese* factor, the "primary interest" of the public at large "is an efficient and just resolution" of this matter. *Thomas v. Rogers*, No. 19-cv-01612-RM-KMT, 2019 WL 5085045, at *3 (D. Colo. Oct. 10, 2019). That goal will not be facilitated by this court's diverting limited resources to the management of possibly unnecessary discovery disputes in a matter that portends the need for significant court involvement—as presaged by the significant number of filings already submitted at this early stage of the case.

In sum, a balance of the *String Cheese* factors favors a stay. The court therefore concludes that a temporary stay of discovery pending resolution of the City Defendants' motion to dismiss (ECF No. 25) is appropriate.

## CONCLUSION

For the foregoing reasons, it is therefore respectfully **ORDERED** as follows:

(1) The City Defendants' Motion to Stay Discovery (ECF No. 32) is **granted**;

(2) Discovery in this matter is **STAYED** pending resolution of the City Defendants' Motion to Dismiss (ECF No. 25); and

(3) Within **three business days** of the disposition of the pending motion to dismiss, to the extent there are any remaining claims, the parties shall jointly contact the chambers of the undersigned Magistrate Judge to schedule a Status Conference to discuss discovery and whether a Scheduling Order should be entered.[2]

DATED: November 13, 2025          BY THE COURT:

_____
Susan Prose
United States Magistrate Judge

---

[2] Rule 72 of the Federal Rules of Civil Procedure provides that within fourteen (14) days after service of a Magistrate Judge's order or recommendation, any party may serve and file written objections with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. §§ 636(b)(1)(A), (B); Fed. R. Civ. P. 72(a), (b). Failure to make any such objection will result in a waiver of the right to appeal the Magistrate Judge's order or recommendation. *See Sinclair Wyo. Ref. Co. v. A & B Builders, Ltd.*, 989 F.3d 747, 783 (10th Cir. 2021) (firm waiver rule applies to non-dispositive orders); *but see Morales-Fernandez v. INS*, 418 F.3d 1116, 1119, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review, including when a "pro se litigant has not been informed of the time period for objecting and the consequences of failing to object").